UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JESUS GONZALEZ

    Plaintiff,
vs.

BURGER KING CORPORATION
d/b/a 2801 SW 27th Avenue Burger King,

    Defendant.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Burger King Corporation ("Defendant") doing business as the Burger King restaurant located at 2801 SW 27th Avenue Miami, Florida 33133, for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendant Burger King Corporation is a Florida for profit corporation which is authorized to conduct, and is conducting, business within the jurisdiction of this court.

4. The Defendant maintains a physical presence within this district by virtue of the fact that its corporate office is located in this district and many of its Burger King fast food restaurants (which it operates) are located within this district and are open to the public.

## PARTIES

5. Plaintiff Jesus Gonzalez is a resident of the state of Florida and suffers from what constitutes a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

6. Defendant Burger King Corporation is a multinational chain of Burger King fast food restaurants and a franchisor of Burger King fast food restaurants which are open to the general public.

## FACTS

7. Because each of Defendant's Burger King fast food restaurants serve food and drink and are open to the public, each is defined is a "place of Public Accommodation" pursuant to 42 U.S.C. §12181(7)(B) because each is "[A] restaurant, bar, or other establishment serving food or drink."

8. As the operator of a chain of fast food restaurants open to the public, Defendant is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns and operates establishments serving food and drinks; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104.

9. At all times material hereto, Defendant has been operating the Burger King fast food restaurant located at 2801 SW 27th Avenue, Miami, Florida 33133 which is the subject of this action. This Burger King location is referenced throughout as "SW 27th Avenue Burger King," "fast food restaurant," "restaurant," or "place of public accommodation."

10. Due to the close proximity of Defendant's SW 27th Avenue Burger King fast food restaurant to Plaintiff's home, on January 25, 2021, Plaintiff personally visited the SW 27th Avenue Burger King in order to purchase a meal and dine inside at the tables located therein.

11. Plaintiff had difficulty exiting his car and entering the restaurant because the parking lot surface was uneven and he had difficulty maneuvering his wheelchair. Furthermore, the entrance door was very heavy and was extremely difficult for Plaintiff to open as he was confined to his wheelchair.

12. Once inside, Plaintiff went to use the bathroom but was unable to independently enter the bathroom and had perambulate to the service counter to ask for assistance to unlock the door because the call bell to ask for assistance was positioned out of his reach, too high on the door. Furthermore, the door to the bathroom was too heavy for Plaintiff to open in order to exit independently without extreme difficulty.

13. When Plaintiff purchased his meal he unhappily noted that the restaurant did not have a specified area reserved for wheelchair bound patrons.

14. Plaintiff left the SW 27th Avenue Burger King feeling excluded, humiliated and dejected.

15. Plaintiff has been denied full and equal access to, and full and equal enjoyment of Defendant's SW 27th Avenue Burger King.

16. As the owner, franchisor, and operator of a well-established international chain of fast food restaurants, Defendant is well aware of the necessity of its compliance with ADA requirements to provide equal access to individuals with disabilities.

17. Despite this knowledge, Defendant has failed and refused to follow the guidelines and requirements for the provision of equal access to individuals with disabilities in accordance with the ADA at its SW 27th Avenue Burger King location. Therefore, the failure of Defendant to reasonably accommodate Plaintiff and his wheelchair is willful, malicious, and oppressive and in compete disregard for the rights of the Plaintiff and in violation of 28 C.F.R. §36.302(c).

18. This discrimination resulted in Defendant denying Plaintiff full and equal access to, and full and equal enjoyment of, Defendant's SW 27th Avenue Burger King fast food restaurant, which is the subject of this lawsuit.

19. As a result of Defendant's discrimination, Plaintiff has suffered loss of dignity, mental anguish, and other tangible injuries and has suffered an injury-in-fact.

20. Plaintiff continues to desire to patronize the SW 27th Avenue Burger King fast food restaurant location, but continues to be injured in that he continues to be discriminated against due to the barriers to access within that restaurant and the attendant parking lot which are in violation of the ADA.

21. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of

this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendant pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

22. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Thirty years have passed since enactment of the ADA and there is no excuse for public accommodations and places of public accommodation to have failed to comply with the legislation.

23. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

24. Prior to the filing of this lawsuit, Plaintiff personally visited Defendant's SW 27th Avenue Burger King fast food restaurant and patronized that restaurant, but because Plaintiff perambulates with the assistance of a wheelchair, Plaintiff was denied full and equal access due to barriers to access which could have been removed if Defendant had followed Americans with Disabilities Act Accessibility Guidelines (AADAG) and ensured its fast food restaurant was in compliance by paving the parking lot to remove the uneven surface, installing doors which weight was within the ADAAG guidelines, and installing a call bell on the bathroom door which is reachable to individuals in wheelchairs. Because

Defendant failed to remove these barriers to access, Plaintiff has been denied adequate accommodation and has suffered an injury in fact.

25. Defendant has discriminated (and continues to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at its fast food restaurant, in derogation of 42 U.S.C. §12101 *et. seq.*, and as prohibited by 42 U.S.C. §12182 *et. seq.* by failing to remove access barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

26. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal access to, and the benefits of, all the accommodations and services offered at Defendant's fast food restaurant.

27. Defendant is governed by the ADA and must be in compliance therewith. However, Defendant has discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

28. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

29. The SW 27th Avenue Burger King fast food restaurant operated by Defendant is in violation of 42 U.S.C. §12181 *et. seq.,* the ADA and 28 C.F.R. §36.302 *et.*

*seq.,* and Defendant is discriminating against the Plaintiff as a result of inter alia, the following specific violations:

      i.      Failure to provide signage displaying the international symbol for accessibility at the entrance of the place of public accommodation, in violation of 28 C.F.R. Part 36 and ADA Code §216.6.

      ii.      Failure to provide a usable pathway from the parking area to the place of public accommodation by failing to provide a level ground/floor, in compliance with 28 C.F.R. Part 36, Section 4.5.1 and 2010 ADA Standards for Accessible Design.

      iii.      Failure to provide an accessible entrance due to the excessive weight of the door at the restaurant entrance location, the door opening force is greater than that delineated at 28 C.F.R. Part 36, Section 4.13.11; 2010 ADA Standards for Accessible Design. The door represents an insurmountable barrier to independent entry to the restaurant by the Plaintiff who perambulates with a wheelchair.

      iv.      Failure to provide a restroom door which is accessible pursuant to the 2010 ADA Standards for Accessible Design. In this instant case, the door leading into the bathroom generates pull strength that cannot be opened by an individual in a wheelchair. Section 404.2.7 states that operable parts on doors and gates must comply with 309.4 and Section 404.2.9 states that the force required to activate the door shall be 5 pounds maximum. Section 404.2.8.1 requires that door and gate spring hinges must be adjusted so that the time to move the door to a position of 12 degrees from the latch is 5 seconds minimum, and 404.2.8.2 delineates door closing speed. Defendant is in violation of all of these sections.

    v.  Failure to install the "call button" at the bathroom at an accessible height which can be reached by individuals in wheelchairs, in violation of the reach ranges delineated within Section 308.2.1, 2010 ADA Standards for Accessible Design which states that where a forward reach is unobstructed, the high forward reach shall be 48 inches (1220 mm) maximum and the low forward reach shall be 15 inches (380 mm) minimum above the finish floor or ground.

    vi.  Failure to provide for designated handicapped seating accessible by wheelchair, in violation of 28 C.F.R. Part 36, Section 4.32.4, Section 5.4 and 2020 ADA Standards for Accessible Design Section 902 and 903, which requires that all dining areas be accessible in clear floor/ground space, size and height.

  30.  More access barrier violations may be present, which will be determined and proven through the discovery process.

  31.  Pursuant to the ADA, 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendant is required to insure that its fast food restaurants are accessible to persons with disabilities since January 28, 1992. Defendant has failed to comply with this mandate.

  32.  Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff injunctive relief; including an order to alter its restaurant such that it is readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

  **WHEREFORE** Plaintiff Jesus Gonzalez hereby demands judgment against Defendant Burger King Corporation and requests the following relief:

  a)  The Court declare that Defendant has violated the ADA;

b) The Court enter an Order directing Defendant to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendant to alter its SW 27th Avenue Burger King fast food restaurant facilities such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys' fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 9th day of February, 2021.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
Email: cc@cunninghampllc.com

*Counsel for Plaintiff*